IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATTHEW JONES, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 17-396-RGA |
| RECOVERY INNOVATIONS INTERNATIONAL, | : |
| Defendant. | : |

Matthew Jones, Greenwood, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

June 1, 2017
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Matthew Jones, who appears *pro se* and has been granted leave to proceed *in forma pauperis*, filed this action in March 2017 in the United States District Court for the Eastern District of Pennsylvania against Recovery Innovations International located in Ellendale, Delaware.[1] The matter was transferred to this Court on April 11, 2017. (D.I. 4). Jones asserts jurisdiction by reason of a United States government defendant, a federal question, and federal diversity. (D.I. 1-1 at 2). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

Jones alleges that on January 31, 2017, after his mother called Recovery innovations and the Delaware State Police arrived at their home, he was taken for a psychiatric evaluation. He was arrested and held at the Seaford Nanticoke Hospital for over 12 hours and transported to Recovery Innovations. Jones alleges that when the hold expired, Nanticoke could find no reason to hold him, and Recovery Innovations (who diagnosed Jones as schizophrenic) said a hold had been placed by the Delaware State Police.

Jones was held at Recovery Innovations for approximately 24 hours. He alleges that the food was spoiled and rancid with mold, and that he was seen by a "television psychiatrist, long distance." (D.I. 1-1 at 3). From there, he was transferred to Dover Behavioral Health. Jones alleges that from January 31 to February 1, 2017, there is a "past history of vile persecution and citizen rights deprivation meant to immorally,

---

[1] RI International is a global organization with four primary business units that offer services in crisis, health, recovery, and consulting. *See* https://riinternational.com/about-us/ (last visited May 23, 2017).

1

illegally main, injure, kill the plaintiff, cause him to commit suicide." (D.I. 1-1 at 2). As alleged in *Jones v. Kent County Superior Court*, Civ. A. No. 14-394-RGA, two court hearings were held at the Kent County Superior Court while Jones was at Dover Behavioral Health, Jones was unable to attend the hearings, and an order was entered for him to continue treatment for schizophrenia, take medication, and see a psychiatrist.

Jones alleges numerous violations of federal criminal law, Delaware state law, and amendments of the United States Constitution. (*Id.* at 4-7). He seeks two billion dollars in damages.

## DISCUSSION

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

Plaintiff proceeds *pro se* and, therefore, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*,

___U.S.___, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

When reviewing the sufficiency of a complaint, a court should follow a three-step process: (1) consider the elements necessary to state a claim; (2) identify allegations that are merely conclusions and therefore are not well-pleaded factual allegations; and (3) accept any well-pleaded factual allegations as true and determine whether they plausibly state a claim. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The allegations in the complaint are legally and factually frivolous. As pled, there is no legal basis for Jones' claims. At most, Jones alleges that he was served inedible food during his very short stay at Recovery Innovations. The Court finds the allegations are conclusory and somewhat delusional. Based on the Court's experience, the Complaint does not state a plausible claim for relief. *See Iqbal*, 556 U.S. at 679. Therefore, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

To the extent Jones attempts to raise supplemental state claims, because the Complaint fails to state federal claims, the Court declines to exercise jurisdiction over any supplemental state law claims. *See* 28 U.S.C. § 1367; *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003).

4

CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court finds amendment futile.

An appropriate order will be entered.